IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BROWN, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1275-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner John Brown, Jr., by and through his counsel of record, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be denied.

I.

Petitioner was charged by separate indictments with aggravated kidnaping and aggravated robbery, enhanced by two prior felony convictions.  Instead of accepting a 50-year plea offer, petitioner pled guilty to both indictments without the benefit of a plea bargain.  Punishment was assessed by the trial court at life imprisonment in each case.[1]  His convictions and sentences were affirmed on direct appeal.  *Brown v. State*, Nos. 05-02-01840-CR & 05-02-01841-CR, 2003 WL 22233519 (Tex. App.--Dallas, Sept. 30, 2003, pet. ref'd).  Petitioner also filed two applications for state post-conviction relief.  The applications were denied without written order.  *Ex parte Brown*, Nos. WR-59,596-02 & WR-59,596-03 (Tex. Crim. App. Aug. 31, 2005).  Petitioner then filed this

---

[1] Petitioner did not appear at the punishment hearing and was sentenced *in absentia*.

action in federal district court.

## II.

In two grounds for relief, petitioner contends that he received ineffective assistance of counsel prior to the plea hearing and at sentencing.

## A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting*

*Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference

to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363

(5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is

presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear

and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner first contends that counsel was ineffective for failing to investigate the case and,

as a result, overlooked critical facts that did not support either the charge of aggravated kidnaping

or aggravated robbery. Because petitioner was unaware of any potential defenses, he claims that his

guilty plea was unknowing and involuntary.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v.*

*Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the

plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert.*

*denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712,

23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence

of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the

consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert.*

*denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained

in Tex. Code Crim. Proc. Ann. art. 26.13. *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006

WL 740743 at *2 (N.D. Tex. Mar. 14, 2006) (Kaplan, J.), *rec. adopted*, 2006 WL 1348734 (N.D. Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[2]

2.

Petitioner was charged by separate indictments with aggravated kidnaping and aggravated robbery. (St. Hab. Tr-02 at 126; St. Hab. Tr-03 at 124). After consulting with his attorney, petitioner elected to waive his right to a jury trial, to plead guilty to both offenses without the benefit of a plea bargain, and to have the court assess punishment in each case. In written plea agreements signed by petitioner, he acknowledged the full panoply of his constitutional rights, including his absolute right to a jury trial, his right to confront and cross-examine witnesses, his right to call witnesses in his own behalf, and his right to testify at trial. (St. Hab. Tr-02 at 138; St. Hab. Tr-03 at 136). Petitioner stated that he understood the nature of the charges against him and the range of punishment, that his guilty plea was freely and voluntarily made, and that he was not influenced by any consideration of fear or persuasion. (St. Hab. Tr-02 at 138-39; St. Hab. Tr-03 at 136-37). He also signed judicial confessions admitting the essential elements of each offense. (St. Hab. Tr-02 at 140; St. Hab. Tr-03 at 138). Before accepting his guilty plea, the trial judge informed petitioner that he was charged with aggravated kidnaping and aggravated robbery, enhanced by two prior felony convictions, and that the range of punishment for each offense was not less than 25 years nor more than 99 years or life imprisonment. (SF-II at 6, 8). Petitioner told the judge that he read all the plea documents and discussed the legal significance of his plea with his attorney. (*Id.* at 8). When asked if he understood everything and still wanted to enter a plea of guilty, petitioner responded, "Yes." (*Id.* at 9). These

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.).

sworn declarations carry a strong presumption of veracity in a subsequent habeas proceeding. *See*

*Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

On state collateral review, petitioner challenged the validity of his guilty plea on several

grounds, including erroneous advice given by defense counsel and the failure of the trial court to

properly admonish him as to the consequences of his plea. The state court rejected those claims,

finding that:

> Applicant's plea of guilty . . . was accepted by this Court after this
> Court thoroughly and properly admonished Applicant as to the
> meaning and consequences of said plea. This Court would not have
> accepted said plea had this Court not been convinced that Applicant
> knew and understood the consequences of said plea. Applicant's plea
> was made and accepted in accordance with the requirements of
> Article 26.13, V.A.C.C.P. Applicant's plea of guilty was knowingly
> and voluntarily entered.

(St. Hab. Tr-02 at 115, ¶ 4; St. Hab. Tr-03 at 111, ¶ 4) (internal citations omitted). Petitioner offers

no argument, much less evidence, to rebut the finding that he was admonished in accordance with

Texas law. As a result, he may not challenge the validity of his guilty plea in federal court. *See Silva*

*v. Quarterman*, No. 3-06-CV-0825-H, 2006 WL 3487652 at *3 (N.D. Tex. Dec. 1, 2006) (Kaplan,

J.) (rejecting argument that guilty plea was involuntary where petitioner was properly admonished

by trial judge in accordance with Texas law); *Britton v. Dretke*, No. 3-04-CV-1049-N, 2004 WL

1960145 at *2 (N.D. Tex. Sept. 2, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2124115 (N.D. Tex.

Sept. 22, 2004) (same).

3.

A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See*

*Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes

claims of ineffective assistance of counsel that do not implicate the validity of the plea itself. *See*

*United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000).  Having determined that petitioner's guilty plea was knowing and voluntary, he cannot collaterally attack his conviction on the ground that defense counsel failed to investigate the case.  *See Silva*, 2006 WL 3487652 at *3.

C.

Petitioner also complains that his attorney failed to introduce any mitigating evidence at sentencing.  Although this claim is not foreclosed by petitioner's guilty plea, respondent argues that it is procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default.  *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992).  Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights.  *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982).  Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[3]  This statute constitutes an adequate state procedural bar for purposes of

---

[3]  The statute provides, in relevant part, that:

> (a)      If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)      the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

In his state writs, petitioner never complained that his attorney failed to introduce mitigating evidence at his sentencing hearing. Although he generally argued that "counsel offered no evidence on Petitioner's behalf," (*see* St. Hab. Tr-02 at 27; St. Hab. Tr-03 at 27), this argument was made in the context of counsel's failure to adequately investigate the case. Nowhere in his state writs does petitioner mention mitigating evidence or allege that he received ineffective assistance of counsel at sentencing. The court finds that a Texas court, presented with this claim in a successive habeas petition, would likely find it barred under article 11.07. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson,* 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

---

(2)       by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. Proc. Ann. art. 11.07, § 4(a).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 16, 2007.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE