IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BROWN, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:06-CV-1275-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a petition for habeas corpus filed by a state inmate pursuant to 28 U.S.C. §2254. The magistrate judge issued his Findings and Recommendation on January 16, 2007, and petitioner filed objections on January 30, 2007.

Petitioner plead guilty to the offenses of aggravated robbery and aggravated kidnaping and, in each case, plead true to enhancement allegations of two prior felony convictions. He was sentenced by the trial court to life imprisonment in each case. Both charges arise from one incident where petitioner and a co-defendant entered a jewelry store in order to rob the store. While in the store, employees became aware of the robbery and demanded that petitioner return the items. Upon becoming aware of the robbery, employees apparently locked the doors to the store and activated an alarm. In order to leave the store, petitioner produced a screwdriver and attempted to break the glass of the locked door. Petitioner also grabbed a small boy and demanded that employees unlock the door. After petitioner grabbed the child, the door was unlocked and petitioner stepped outside and left the child while he made his escape.

Petitioner first contends that his trial counsel was ineffective for failing to investigate the facts of each case, and, as a result, overlooked critical facts that did not support either the charge of aggravated robbery or aggravated kidnaping. The magistrate judge examined the plea colloquy when petitioner entered his plea of guilty and determined that petitioner had been properly admonished in accordance with Texas law. The magistrate judge concluded that petitioner's plea of guilty was voluntarily and knowingly made, and thus, his claims of ineffective assistance of counsel for failure to investigate were waived. Petitioner objects that the magistrate judge erred by focusing exclusively on the admonishments given to petitioner by the trial court. Petitioner asserts that if a defendant is not aware of a potential defense, his plea of guilty can not be knowing or voluntary. (Obj. at 2.)

It is well established that a knowing and voluntary plea of guilty waives all nonjurisdictional defects in the proceedings against the defendant. *U.S. v. Glinsey*, 209 F.3d 386, at 392 (5th Cir. 2000)(internal citations omitted). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Id.* In both his petition and his objections, petitioner asserts that his plea of guilty was involuntary because he was not made aware of potential defenses to the charges against him due to counsel's failure to investigate. Thus, these claims of ineffective counsel are not waived, and the court will proceed to examine the merits of the claims.

To establish ineffective assistance of counsel, petitioner must show (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Id.* Where the petitioner has entered a plea of guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal citations omitted). Petitioner argues that if counsel had properly investigated the case, he would have discovered that petitioner did not use a deadly weapon, which is an element of the aggravated robbery charge. Petitioner also asserts that a proper investigation by counsel would have revealed that the evidence did not support that petitioner either restrained or abducted the child, which are necessary elements of the kidnaping charge. In support of his arguments, petitioner cites to the lack of evidence in the record to establish these necessary elements of the charges against him. However, as the state points out, the evidence presented at petitioner's trial only went to the issue of punishment. Petitioner plead guilty and admitted all of the necessary elements of the offenses to which he plead, hence, there was no need for the state to introduce evidence at the punishment hearing to establish the elements of the offenses. Thus, petitioner can not establish the existence of his alleged defenses to the crimes by pointing to the alleged insufficiencies of the evidence presented at his punishment hearing. Additionally, as discussed below, examination of the evidence introduced at petitioner's punishment hearing and the elements of the offenses involved establishes that the evidence was sufficient to show that petitioner used and exhibited a deadly weapon and abducted the child by the threat of use of deadly force. Thus, petitioner's claims that a proper investigation would have shown that the state was unable to prove these necessary elements of the crimes charged are not supported by the record.

      In order to establish that counsel was ineffective for failure to investigate, petitioner must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the proceedings.

*Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). That is, petitioner must point to the existence of evidence not discovered by his trial counsel that would raise a reasonable probability that he would not have plead guilty but would have insisted on going to trial if he had known of such evidence. Petitioner does not point the court to any such evidence.

Using or exhibiting a deadly weapon is an element of the crime of aggravated robbery under Texas law. Texas Penal Code § 29.03(a)(2). Texas law defines a deadly weapon, in relevant part, as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Texas Penal Code § 1.07(a)(17). In this case, the aggravated robbery indictment alleged the deadly weapon to be a screwdriver. Texas courts have found screwdrivers to be deadly weapons under state law in aggravated robbery cases. *See Thomas v. State*, 875 S.W.2d 774, 778 (Tex. App – Beaumont 1994, pet. ref'd); *Madden v. State,* 628 S.W.2d 161, 162 (Tex. App.–Eastland 1982, pet. ref'd ). Hence, had it been necessary, it was possible for the state to have proven that the screwdriver was a deadly weapon. Further, the Texas Court of Criminal Appeals has stated that a deadly weapon is "used" or "exhibited" when it is used to facilitate the underlying crime. *McCain v. State,* 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). In this case, petitioner used the screwdriver to attempt to break the glass in the door and demanded that the door be unlocked. Petitioner also refused to return the stolen merchandise, and was apparently still holding the screwdriver at the time he grabbed the child. Under these circumstances, the victims in the jewelry store could have reasonably believed that the screwdriver in petitioner's hand was a deadly weapon. Further, petitioner clearly used the screwdriver to facilitate the commission of the crime by using it in his attempt to escape and while grabbing the child. Petitioner's trial counsel was not ineffective in failing to tell petitioner

of a defense that the state could not prove that a deadly weapon had been used or exhibited during the robbery.  The court finds that petitioner has not shown that further investigation by his trial counsel would have uncovered evidence that would have caused petitioner to plead not guilty and insist on a trial.  Petitioner's claim of ineffective assistance of counsel that trial counsel failed to investigate the aggravated robbery case is denied.

With respect to the aggravated kidnaping conviction, petitioner asserts that a proper investigation by trial counsel would have revealed that the state was unable to prove that he had restrained or abducted the small child.  Petitioner argues that, since no deadly weapon was shown to have been used, there was no threat to use deadly force.  Under Texas law, a person commits an aggravated kidnaping if he intentionally or knowingly abducts another person with the intent to facilitate the commission of a felony.  Texas Penal Code. § 20.04(a)(3).  Petitioner's indictment alleged abduction with the intent to facilitate the commission of the felony offense of robbery.  "Abduct" means, in part, to restrain a person with intent to prevent his liberation by using or threatening to use deadly force.  Texas Penal Code § 20.01(2)(B).  "Restrain", an element of abduct, is defined as "restricting a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person."  Texas Penal Code § 20.01(1).  Restraint is "without consent" if it is accomplished by force, or intimidation.  Texas Penal Code § 20.01(1)(A).  Under Texas law, restraint can be shown even if it lasted only for a few minutes.  *Hines v. State*, 75 S.W. 3d 444, 447 (Tex. Crim. App. 2002).  In this case, petitioner grabbed the small child while petitioner was holding the screwdriver, attempting to break the glass on the door, and demanding that the door be unlocked.  As discussed above, the victims in the store could have reasonably believed that

petitioner intended to use the screwdriver as a deadly weapon and that deadly force was threatened. This evidence is sufficient to show abduction by the threatened use of deadly force. Petitioner has not shown that his counsel was ineffective in failing to tell him that he had potential defenses to the aggravated kidnaping charge in that the state could not prove abduction, restraint, or the threatened use of deadly force. Petitioner's claim of ineffective assistance of counsel in failing to investigate the aggravated kidnaping case is denied.

With respect to these claims, petitioner has not shown that the state court's decision denying his ineffective assistance of counsel claims was the result of a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor has petitioner shown that the state court's decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner has not objected to the remaining findings of the magistrate judge. After review of the findings and the record, the court accepts the remaining findings of the magistrate judge and adopts them as the findings of the court.

The petition for writ of habeas corpus is denied in its entirety.

Signed this 16th day of February 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE